UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JONATHAN HODGE                             CIVIL ACTION NO. 22-6144

VERSUS                                     JUDGE DONALD E. WALTER

BOSSIER PARISH ET AL.                      MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a "Motion in Limine Concerning Jonathan Hodge's Criminal History," filed by Jonathan Hodge ("Plaintiff"). See Record Document 24. The Police Jury Bossier Parish ("Police Jury") opposes the motion. See Record Document 32. For the reasons stated below, Plaintiff's motion in limine (Record Document 24) is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff claims he was the victim of intentional discrimination by the Police Jury based on his sickle cell disease while incarcerated at the Bossier Maximum Security Facility ("Bossier Max"). See Record Document 24-1 at 1. Plaintiff was incarcerated at Bossier Max from December 2021 through approximately July of 2022. See id. The Police Jury operates the medical department at Bossier Max. While Plaintiff was incarcerated, Plaintiff alleges that the Bossier Max medical department refused to provide him with the necessary pain medications for his sickle cell disease, specifically, methadone and oxycodone. See id. Therefore, Plaintiff contends that the Police Jury's refusal to provide Plaintiff with the proper medication violated his civil rights under Title II of the Americans with Disabilities Act and the Rehabilitation Act of 1973 ("ADA/RA").

Plaintiff filed a motion in limine arguing that the Police Jury should be prohibited from exploring the details of Plaintiff's criminal history. See Record Document 24. Plaintiff divides the Police Jury's allegedly inadmissible exhibits into two categories. The first category is Plaintiff's criminal history documents. These documents consist of:

> Criminal charge C-235004, a criminal charge of Possession with Intent to Distribute a Schedule II Controlled Dangerous Substance. There were numerous hearings on this charge, and it was ultimately *nol prossed* on an oral motion of the district attorney.
>
> Criminal charge C-235004A, a criminal charge of Possession with Intent to Distribute a Schedule II Controlled Dangerous Substance. There were numerous hearings on this charge, and it was ultimately *nol prossed* on an oral motion of the district attorney.
>
> Criminal charge C-241676A, a criminal charge of Possession of Firearm or Carrying Concealed Weapon by Convicted Felon (attempted). [Plaintiff] pled guilty on August 29, 2022.
>
> Criminal charge C-241676B, a criminal charge for Illegal Use/Possession/Control of Weapons. This charge was *nol prossed* on an oral motion of the district attorney on August 29, 2022.
>
> Criminal charge C-206883, Possession of Drug Paraphernalia, First Offense. [Plaintiff] plead guilty on February 10, 2015.
>
> Criminal charge C-179833, Possession with Intent to Distribute Schedule III and Possession Marijuana with Intent. [Plaintiff pled] guilty on December 14, 2010.

Record Document 24-1 at 3–4 (internal citations omitted). Plaintiff argues that his criminal history must be excluded because it bears no relevance to the underlying claims or defenses at issue. See id. at 1. In the alternative, Plaintiff further argues that even if the evidence is relevant, it should be excluded because it is unduly prejudicial, it is improper character evidence, and it does not meet the exception set forth in Federal Rule of Evidence 609. See id. The second category is a 194-page long document ("the Sheriff Document") that was produced by the Bossier Parish Sheriff's Office

2

during discovery. See id. Plaintiff argues that the Sheriff Document contains inadmissible hearsay. See id. at 7.

## LAW AND ANALYSIS

### A. Plaintiff's Criminal History.

Plaintiff opposes the admission of the Police Jury's exhibits regarding his criminal charges for a few reasons. First, Plaintiff maintains that his criminal history bears no relevance to the underlying claims or defenses at issue as required by Rule 401. Alternatively, Plaintiff argues that even if the evidence is admissible, it is unduly prejudicial. Moreover, Plaintiff asserts that referencing his criminal history is improper character evidence and does not meet the exception set forth in Federal Rules of Evidence Rule 609. Each argument will be addressed in turn.

**1. Relevancy and Rule 403's Balancing Test.**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible" unless otherwise provided by the Constitution, federal statute, or the Federal Rules of Evidence, and "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Plaintiff argues that the six aforementioned criminal charge exhibits must be excluded because they are irrelevant and do not assist the jury in determining whether Plaintiff received necessary disability-related accommodations at Bossier Max. See Record Document 24-1 at 5.

The Police Jury counters Plaintiff's argument and contends that his criminal history of drug-related indictments along with his history of abusing drugs are relevant to the issue of whether Plaintiff was the victim of intentional discrimination when he received, while incarcerated, alternative medical treatments. The Police Jury asserts that this evidence is relevant because it

forms part of the basis for Dr. Vincent Lococo's expert opinion. Dr. Lococo was the treating-physician who provided care to Plaintiff at Bossier Max during the incident. Dr. Lococo's report explains that the refusal to provide Plaintiff with opioids was because he concluded that Plaintiff suffers from opioid use disorder. To support this conclusion, Dr. Lococo relied on Plaintiff's history of being "arrested/charged for offenses involving opioid medications, hydrocodone, oxycodone, and methane, and […] test[ing] positive for amphetamines in hospital administered urine analysis screenings. . . ." Record Document 32-12 at 9.

The issue before the Court is whether the Police Jury violated Plaintiff's rights under the ADA/RA by subjecting him to discrimination due to his disability. The Police Jury's expert witness relies on these criminal charges to conclude that the refusal to provide Plaintiff with opioids was based on Plaintiff's alleged opioid use disorder and not an intentional discrimination related to his sickle cell disease. The Court finds that this evidence is relevant.

Even if evidence is deemed relevant, it is still subject to the Rule 403 balancing test. Relevant evidence may be excluded by the court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court notes "[t]he balancing of probative value against prejudicial effect is committed to the sound discretion of the trial judge, a decision that is final in the absence of abuse of discretion." United States v. Dula, 989 F.2d 772, 778 (5th Cir.1993).

Plaintiff argues that admitting his criminal history into evidence would be unfairly prejudicial because he must defend against criminal charges that he was never convicted of. See Record Document 24-1 at 6–7. Additionally, Plaintiff argues that there is a substantial risk that the jury will focus on their preconceived notions of "criminals" and conclude that Plaintiff is thus less

4

deserving of relief. Id. Lastly, Plaintiff claims that the charges would confuse the issues and mislead the jury because the jury would focus on his numerous criminal charges and not on the narrow issues before the jury.

The Police Jury's argument highlights that Plaintiff was the subject of pending charges for possession with intent to distribute oxycodone and methadone during the time that he was alleging that he was discriminated against for not receiving his oxycodone and methadone. Record Document 32 at 9. Moreover, the Police Jury contends that Plaintiff's criminal history appears in his medical records, and it is part of Dr. Lococo's expert opinion explaining why Dr. Lococo refused to prescribe Plaintiff oxycodone and methadone. See id. at 8.

The Court acknowledges the evidentiary prejudice of Plaintiff's criminal charges, but "all probative evidence is by its very nature prejudicial." United States v. Powers, 168 F.3d 741, 749 (5th Cir. 1999). The Court finds that this prejudice does not outweigh its relevance and rise to the level of unfair prejudice.

**2. Character Evidence.**

Alternatively, Plaintiff asserts that his criminal history should be excluded because it is improper character evidence. Under Rule 404(a), "[c]haracter evidence is inadmissible to show that a person acted in accordance with that character on a particular occasion." United States v. St. Junius, 739 F.3d 193, 203 (5th Cir. 2013). Additionally, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). "The circumstantial use of character evidence is generally discouraged because it carries serious risks of prejudice, confusion and delay." Fed. R. Evid. 404 advisory committee's note (citing Michelson v. United States, 335 U.S. 469, 476, 69 S. Ct. 213, 219 (1948)). Plaintiff contends that the only purpose for

5

this evidence is to make Plaintiff "look like a 'bad guy'" and "make him seem less deserving than other members of society for relief because of his lengthy involvement with the criminal justice system." Record Document 24-1 at at 4–5. As previously stated, the Police Jury argues that Plaintiff's drug-related indictments and history of drug abuse are being offered as evidence of whether Plaintiff was a good candidate for the daily use of methadone and oxycodone in the Bossier Max.

The Court is unpersuaded by Plaintiff's argument that the sole use of this evidence is to damage Plaintiff's character to make him look like a "bad guy" and seem "less deserving" of relief. The Court will provide limiting instructions for the jury if requested by Plaintiff. See United States v. Sanders, 343 F.3d 511, 518 (5th Cir.2003); United States v. Gonzalez–Lira, 936 F.2d 184, 192 (5th Cir.1991).

### 3. Impeachment.

Lastly, Plaintiff argues that certain criminal charges are admissible to attack Plaintiff's credibility while other charges are not admissible. Rule 609(a) allows the use of prior convictions for impeachment of witnesses, but Rule 609(b) makes prior convictions generally inadmissible if more than ten years has elapsed since the date of the witness' conviction or release from confinement. See Fed. R. Evid. 609. There are two exceptions to the general rule. See id. "Evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it. . . ." Id.

Both parties agree that the Police Jury may use criminal charges C-241676A and C-179833, which resulted in felony convictions, to attack Plaintiff's credibility for truthfulness. See Record Documents 24-1 at 7 and 32 at 8. Because criminal charges C-235004, C-235004A, and

C-241676B did not result in felony convictions, the Police Jury will not be permitted to use these criminal charges to attack Plaintiff's credibility for truthfulness. Lastly, criminal charge C-179833 resulted in a conviction more than ten years ago, and the Policy Jury has not argued that its probative value substantially outweighs its prejudicial effect. Therefore, the Police Jury will not be permitted to use criminal charge C-179833 to attack Plaintiff's credibility for truthfulness. Therefore, Plaintiff's motion in limine seeking to exclude the Police Jury from using criminal charges C-235004, C-235004A, C-241676B, and C-179833 is **GRANTED** to the extent that the Police Jury attempts to use these criminal charges to attack Plaintiff's credibility for truthfulness.

### B. The Sheriff Document.

For the second category of the Policy Jury's allegedly inadmissible evidence, Plaintiff alleges that the Sheriff Document contains inadmissible hearsay. Plaintiff indicates that the Sheriff Document contains "lengthy narratives by police officers" which are "classic inadmissible hearsay," yet fails to provide the Court with any legal authority or analysis. Record Document 24-1 at 7. Nevertheless, the Policy Jury states that it voluntarily removed documents from the Sheriff Document and reduced the exhibit to five pages. See Record Document 32 at 6. The Police Jury contends that the remaining pages in the Sheriff Document contain information about Plaintiff's prior use of illegal drugs and his then current use and access to illegal drugs, which were available to Dr. Lococo and the nursing staff at Bossier Max. See id. Plaintiff's motion in limine seeking to exclude reference to the Sheriff's Document is **DENIED** without prejudice to Plaintiff's right to reurge it at trial.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff motion in limine (Record Document 24) is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff's motion in limine seeking to exclude the Police Jury from referencing Plaintiff's criminal history in its defense is **DENIED.** Plaintiff's motion in limine seeking to exclude the Police Jury from using criminal charges C-235004, C-235004A, C-241676B, and C-179833 is **GRANTED** to the extent that the Police Jury attempts to use these criminal charges to attack Plaintiff's credibility for truthfulness. The Police Jury may use Plaintiff's criminal charges C-241676A and C-179833 to attack Plaintiff's credibility for truthfulness. Plaintiff's motion in limine seeking to exclude the Police Jury from referencing the Sheriff's Document is **DENIED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 3rd day of May, 2024.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE